UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BLUE CASTLE (CAYMAN) LTD,

                                  Plaintiff,

     vs.                                           3:24-cv-220
                                                             (ECC/ML)

CAROL SCHERER, SUSAN SANCHEZ,
STEVEN HINE, AARON HINE, AS HEIRS,
DISTRIBUTEES AND NEXT OF KIN
TO THE ESTATE OF MABLE G. HINE,

                                  Defendants.
_____

Alan H. Weinreb, Esq., *for Plaintiff*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

        On February 14, 2024, Plaintiff Blue Castle (Cayman) Ltd. (Blue Castle or Plaintiff) commenced this diversity action under Article 13 of the New York Real Property Actions and Proceedings Law (RPAPL), §§ 1301 *et seq.*, against Defendants Carol Scherer, Susan Sanchez, Steven Hine and Aaron Hine (collectively, Defendants), as heirs, distributees, and next of kin to the Estate of Mable G. Hine.  Complaint (Compl.), Dkt. No. 1.  Blue Castle seeks to foreclose on a Home Equity Conversion Mortgage (the mortgage), more commonly known as a reverse mortgage, encumbering 105 Conklin Forks Road, Binghamton, New York 13903 (the property).  *Id*.  The Defendants have not filed an answer to the Complaint.  Plaintiff requested and obtained an entry of default against the Defendants from the clerk under Rule 55(a) of the Federal Rules of Civil Procedure.  Plaintiff now moves for default judgment of foreclosure and sale under Rule 55(b) of the Federal Rules of Civil Procedure.  Dkt. No. 11.

        For the reasons set forth below, the motion is denied with leave to renew.

I.      **BACKGROUND**

      **A.  The Parties**

According to the verified Complaint, Blue Castle is a corporation organized under the laws of the Cayman Islands with its principal place of business in Florida. Compl. ¶ 3. Mable G. Hine lived at the property until she died on April 21, 2017. *Id.* ¶ 4. Carol Scherer, Susan Sanchez, Steven Hine, and Aaron Hine are the heirs, distributees, and next of kin to the estate of Mable G. Hine. *Id.* ¶¶ 5-8. Carol Scherer, Steven Hine, and Aaron Hine are citizens of the State of New York. *Id.* ¶¶ 5, 7-8. Susan Sanchez is a resident and citizen of California. *Id.* ¶ 6.

      **B.  Plaintiff's Allegations**

On July 15, 2002, Albert Duane Hine and Mable G. Hine executed a Home Equity Conversion Mortgage to M&T Mortgage Corporation to obtain $82,500 and interest. Compl. ¶ 12, Ex. B. The mortgage was recorded in the Broome County Clerk's Office on July 19, 2002. *Id*. On the same day, Albert and Mable Hine executed a note (the note) to M&T Mortgage Corporation in the amount of $82,500 and interest. *Id.* ¶ 13, Ex. C. The mortgage was assigned eight times, and Plaintiff was the last assignee on June 15, 2023. *Id.* ¶ 16, Ex. D. This assignment was recorded with the Broome County Clerk's Office on June 27, 2023. *Id.* at 55. The note was similarly transferred by affixation of allonges and endorsements. *Id.* ¶ 13, Ex. C. Plaintiff has physical possession of the original mortgage and note. *Id.* ¶ 18.

Albert Duane Hine died on January 27, 2007, and Mable G. Hine died on April 21, 2017. Compl. ¶ 15, Ex. F. The mortgage states that "Lender may require payment in full of all sums secured by this security instrument if a borrower dies and the property is not the principal residence of at least one surviving Borrower." *Id.* ¶ 19, Ex. B at 7, ¶ (9)(a)(i). Plaintiff alleges that the "death of Mable G. Hine, deceased borrower, triggered the right to foreclose on the mortgage premised

[sic] and payment of all outstanding amounts due," Compl. ¶ 21, and Plaintiff "elects to declare the entire sum under the agreement to be due and payable," *id.* ¶ 20.

On September 20, 2023, Plaintiff mailed a default notice to the Estate of Mable G. Hine, addressed to the property, stating that the mortgage of $153,740.98 was "technically in default due to the death of the last surviving borrower living in the principal residence" and warning of potential foreclosure action. Compl. ¶ 22, Ex. E at 49, Dkt. No. 1-1. The same day, Plaintiff mailed a 90-day pre-foreclosure notice (90-day notice), as required by RPAPL § 1304, to the Estate of Mable G. Hine at the property. *Id.* at 51-56. The affidavit of mailing for these two documents states that they were mailed to a person and address unrelated to this case. Dkt. No. 1-1 at 65. Defendants did not respond to these notices. Compl. ¶ 25.

Plaintiff subsequently filed the Complaint on February 14, 2024.

**C. The Motion**

Plaintiff sought and received an entry of default from the Clerk's office on May 29, 2024, and filed this motion on July 19, 2024. Dkt. Nos. 9, 10, 11. According to an affidavit from John Ramer, Authorized Signatory for Plaintiff, the amount due and owing to Plaintiff is $153,718.20 as of July 2, 2024.[1] Dkt. Nos. 11-1 ¶ 9; 11-6 ¶¶ 6-9. This amount is different than the amounts given in the Complaint ($155,268.54 as of September 15, 2023) and the default notice ($153,740.98 as of the end of September 2023). *Compare* Compl. ¶ 26 *with* Ex. E at 49.

None of the Defendants have appeared or responded to any filing in this action to date.

---

[1] The affidavit is addressed to the Eastern District of New York, rather than the Northern District of New York. Dkt. No. 11-6 ¶ 12.

3

## II.     STANDARD OF REVIEW

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminer, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011).  First, the plaintiff must obtain a clerk's entry of default under Rule 55(a).  *Id.* at 504.  *See also* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *see also* Northern District of New York Local Rule (Local Rule) 55.1 (requiring a party "applying to the Clerk" for an entry of default to "submit an affidavit showing" that (1) "the party against whom it seeks a judgment" is "not an infant, in the military, or an incompetent person" and "has failed to plead or otherwise defend the action . . ." and (2) "it has properly served the pleading to which the opposing party has not responded.").

Second, the plaintiff must "apply to the court for entry of a default judgment" under Rule 55(b)(2).  *Priestly*, 647 F.3d at 505; *see also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.").

Default judgments "are generally disfavored and are reserved for rare occasions." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993).  Before a court enters a default judgment, it must "ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for [a] default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." *Windward Bora, LLC v. Brown*, No. 21-cv-03147, 2022 WL 875100, at *2 (E.D.N.Y. Mar. 24, 2022) (quotation marks and citation omitted).

III.  DISCUSSION

    A. **Entry of Default Judgment**

On May 29, 2024, Plaintiff requested an entry of default from the clerk under Rule 55(a). Dkt. No. 9.  As required by Fed. R. Civ. P. 55(a) and Local Rule 55.1, Plaintiff included an affidavit stating the Defendants (1) are not infants, in the military, or incompetent persons, (2) failed to plead or otherwise defend this action, and (3) were properly served with the Complaint.[2]  *Id*. Regarding Susan Sanchez, the affidavit of service states that she was served by providing the documents to a co-occupant at a Kirkwood, New York residence that "is [her] place of residence within [New York State]," Dkt. No. 8 at 1, and mailing the documents to that Kirkwood, New York address, *id*.  Plaintiff has not provided any explanation about why the Complaint alleges a California address for Ms. Sanchez, Compl. ¶ 6, but she was served at a New York address.  Any renewed motion for default judgment should address this issue.

On the same day, the clerk entered default.  Dkt. No. 10.  On July 19, 2024, Plaintiff moved for default judgment and included, among other things, the clerk's certificate, a copy of the pleading, and a proposed form of default judgment.  Dkt. No. 11.  Plaintiff served the default judgment motion on the Defendants.[3]  Dkt. No. 11-7.  Defendants have not responded.  If Plaintiff can explain how the service effected on Ms. Sanchez was appropriate, then Plaintiff will meet the

---

[2] As required by Fed. R. Civ. P. 4(e)(1) and § 308(1) of the New York Civil Practice Law and Rules (CPLR), Plaintiff properly served Carol Scherer and Steven Hine in person. Dkt. Nos. 6, 7.  As required by Fed. R. Civ. P. 4(e)(1) and CPLR § 308(2), Plaintiff properly served Aaron Hine by delivering service to a co-occupant at the Defendant's residence and mailing a copy to that address. Dkt. No. 5.

[3] Plaintiff mailed the motion for default judgment for Defendant Susan Sanchez to a Kirkwood, New York address, Dkt. No. 8, not the California address alleged in the Complaint, Compl. ¶ 6. Any renewed motion for default judgment should address this issue.

5

procedural requirements for entry of a default judgment under Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b).

### B. Liability[4]

By failing to answer the complaint or oppose this motion, defendants are deemed to have admitted the factual allegations in the complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. RealtyCorp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."); *Rolex Watch, U.S.A., Inc. v. Pharel*, No. 09-cv-4810, 2011 WL 1131401, at *2 (E.D.N.Y. Mar. 11, 2011) (citation omitted) ("In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim."). "Still, the court must ensure the allegations provide a basis for liability and relief, and the court has discretion to require further proof of necessary facts." *Wilmington Sav. Fund Soc'y, FSB as Trustee of Aspen Holdings Tr. v. Fernandez,* 712 F. Supp. 3d 324, 330 (E.D.N.Y. 2024) (citing *Finkel v. Romanowicz,* 577 F.3d 79, 84 (2d Cir. 2009)).

"The decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015). Even where a defendant has admitted all well-pleaded facts in the complaint by virtue of default, a district court "need not agree that the alleged facts constitute a valid cause of action," and may decline to enter a default judgment on that ground. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).

---

[4] Virtually all of this discussion of the applicable law is taken from Chief U.S. District Judge Brenda K. Sannes's summary in *Avail 1 LLC v. Lemme*, No. 1:23-cv-1527 (BKS/CFH), 2024 WL 4566273, at *2 (N.D.N.Y. Oct. 24, 2024).

Indeed, the Second Circuit has "suggested that, prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *Id.* (alteration in original) (quoting *Finkel*, 577 F.3d at 84).

"To prevail in a mortgage foreclosure action under New York law, the plaintiff must satisfy the common law elements and the statutory requirements set forth in Article 13 of the [RPAPL]." *Fernandez*, 712 F. Supp. 3d at 333 (citing *OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015)).

### 1. Common Law

A lender must establish the following common law elements in a New York mortgage foreclosure action: "(1) the existence of a debt; (2) that is secured by a mortgage; and (3) a default on that debt." *United States v. Lancor*, No. 5:19-cv-936 (BKS/TWD), 2022 WL 4551694, at *1 (N.D.N.Y. Sept. 29, 2022). A lender must also meet a standing requirement by establishing that "when the action was commenced, it was either the holder or assignee of the underlying note." *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015) (citing *Wells Fargo Bank, N.A. v. Rooney,* 132 A.D.3d 980, 981 (2d Dep't 2015)).

Plaintiff has satisfied these common law elements. It alleges that the Estate of Mable G. Hine owes a debt, that the debt is secured by a mortgage properly assigned to Plaintiff, and that the debt is in default. *See generally* Compl. These assertions are supported by the note and mortgage attached to the Complaint, as well as an affidavit from John Ramer, Authorized Signatory for Blue Castle, attached to the motion that states the outstanding balance on the loan. Compl. Ex. B, C; Ramer Aff. at 3, Dkt. No. 11-6. Finally, Plaintiff fulfilled the common law standing requirement by asserting, at the time of this action's commencement, that it was "in physical possession and . . . the owner and holder of said original Note and [mortgage]." Compl. ¶ 18.

7

Plaintiff has therefore established the common-law elements of a mortgage foreclosure claim. *United States v. Lancor*, No. 5:19-cv-00936 (BKS/TWD), 2021 WL 11670838, at *4 (N.D.N.Y. May 12, 2021).

### 2. Statutory Requirements

Article 13 of the RPAPL requires lenders to comply with several statutory requirements in a foreclosure action. Specifically, a lender must (1) make an "affirmative allegation" in its complaint that it has "complied with all of the provisions of section five hundred ninety-five-a of the banking law and any rules or regulations promulgated thereunder," RPAPL § 1302(1)(b); (2) serve a notice, "Help for Homeowners in Foreclosure," with the summons and complaint, RPAPL § 1303; (3) send a notice warning of the risk of foreclosure 90 days before initiating foreclosure, RPAPL §1304; (4) file information with the Superintendent of the New York State Department of Financial Services within three business days of sending the 90-day notice, RPAPL § 1306; (4) serve a summons with a notice that the borrower is in danger of losing the home, RPAPL § 1320; and (5) "file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action," RPAPL § 1331, along with a copy of the complaint as required by New York Civil Practice Law and Rules (CPLR) § 6511(a). *See, e.g., Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Bernash*, 1:23-cv-485 (AMN/DJS), 2024 WL 1285431, at *5 (N.D.N.Y. Mar. 26, 2024) (describing these requirements). Failure to follow these procedures has led several courts in this district to deny a motion for default judgment seeking foreclosure and sale. *See, e.g., Bernash,* 2024 WL 1285431, at 7; *W. Coast Servicing, Inc. v. Giammichele,* No. 1:19-cv-1193 (GTS/CFH), 2020 WL 5229374, at *4 (N.D.N.Y. Sept. 2, 2020).

Here, Plaintiff has established that it complied with some, but not all, of the statutory requirements. Plaintiff provided evidence that it complied with (1) the Section 1304 90-day notice

8

requirement, [5] Dkt. No. 11-8 at 70-84; (3) the Section 1306 filing statement requirement, Dkt. 11-4 at 85-86; (4) the Section 1320 notice requirement, *id.* at 90; and (5) the Section 1331 notice of pendency filing requirement, *id.* at 91-93.

Plaintiff has also provided evidence of its compliance with the Section 1303 notice requirement by providing affidavits of service stating that the notice was served and, with the exception of the affidavit of service for Susan Sanchez, providing a copy of that notice. *See* Dkt. Nos. 5, 6, 7, 8. Any renewed motion for default judgment should include a copy of the Section 1303 notice served on Ms. Sanchez and, as explained above, address why service at the New York address was sufficient when a California address was alleged in the Complaint.

Plaintiff has not, however, established that it fully complied with the Section 1302(1)(b) requirement that it "make an 'affirmative allegation' that it has 'complied with all of the provisions of section five hundred ninety-five-a of the banking law and any rules or regulations promulgated thereunder." RPAPL § 1302(1)(b). The Complaint alleges that "Plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so," Compl. ¶ 23, but it does not refer to the "rules and regulations promulgated thereunder" as required by RPAPL § 1302(1)(b). *Bernash*, 2024 WL 1285431, at *5; *Fernandez*, 712 F. Supp. 3d at 334 (finding the same error). This is a sufficient basis to deny a motion for default judgment seeking foreclosure and sale. *See, e.g., Bernash*, 2024 WL 1285431, at *5.

---

[5] The affidavit of mailing for the 90-day notice states that it was mailed to a name and address unrelated to this case, Dkt. No. 11-4 at 84, but the copies of the certified mailings are to the correct names of the estate and the address of the property, *id.* at 76-83.

9

In addition, Plaintiff has not provided any evidence that it complied with CPLR § 6511(a) by filing its Complaint with the Broome County Clerk's Office prior to or simultaneous with its filing of the notice of pendency. "This procedural defect warrants denial of [a motion for default judgment of foreclosure and sale]." *Lancor*, 2021 WL 11670838, at *4, s*ee also Lemme*, 2024 WL 4566273, at *4 (denying motion for default judgment where there was "no evidence that Plaintiff submitted the complaint to the . . . Clerk's office or that the complaint [was] already on file there, as required by CPLR § 6511(a)); *Nationstar Mortg. LLC v. Moody*, No. 5:16-CV-279(LEK/ATB), 2017 WL 1373890, at *1, (N.D.N.Y. Apr. 13, 2017) (same).

For all of these reasons, the motion for default judgment is denied with leave to renew within 30 days of this Memorandum-Decision and Order.

### C. Damages[6]

"[I]t is well established that 'while a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup*, 973 F.2d at 158). On a motion for default judgment, a court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp*, 109 F.3d 105, 111 (2d Cir. 1997)). Therefore, "a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais*

---

[6] Virtually all of this discussion of the applicable law is taken from Chief U.S. District Judge Brenda K. Sannes's summary in *Lemme*, 2024 WL 4566273, at *2.

*Sec. (USA), Inc.*, 183 F.3d at 155). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234 (citing Fed. R. Civ. P. 55(b)(2); *Fustok v. Conticommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). When assessing damages, "the court cannot construe the damages alleged in the complaint as true," and it must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *W. Coast Servicing, Inc.*, 2020 WL 5229374, at *2 (quotation marks and citations omitted). "The note and mortgage, as the governing instruments, should determine any default damages." *Lemme*, 2024 WL 4566273, at *4 (citing *Builders Bank v. Rockaway Equities, LLC*, No. 08-cv-3575, 2011 WL 4458851, at *5 (E.D.N.Y. Sept. 23, 2011)).

Here, the only support Plaintiff provides for its damages calculation is the affidavit from John Ramer. Mr. Ramer provides figures for the unpaid principal balance, the interest rate on the loan, and a calculation of how the total interest owed was reached, Ramer Aff. at ¶¶ 6-9, but this is not sufficient without additional documentation. "Adequate poof might include a payment ledger or other documentary evidence of the outstanding principal" as well as evidence of how Plaintiff determined the interest rate for this adjustable-rate mortgage. *Fernandez*, 712 F. Supp. at 335. Plaintiff should also address why the total amount stated in the Ramer Affidavit is different than the amounts given in the Complaint ($155,268.54 as of September 15, 2023) and the default notice ($153,740.98 as of the end of September 2023). *Compare* Compl. ¶ 26 *with* Ex. E at 49.

In addition, it is not clear whether the loan was accelerated. "In New York, an action to foreclose on a mortgage is subject to a six-year statute of limitations." *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, 8 F.4th 74, 78 (2d Cir. 2021) (citing CPLR § 213(4)). If the mortgage is "payable in

installments, 'separate causes of action accrue[] for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due.'" *Id.* (quoting *Wells Fargo Bank, N.A. v. Burke*, 94 A.D.3d 980, 982 (2d Dep't 2012)) (alteration in original).  However, if the "mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt." *Id.* (quotation marks and citation omitted).  "If the mortgage and note make acceleration an option, some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision . . . the borrower must be provided with notice of the holder's decision to exercise the option to accelerate the maturity of a loan and such notice must be clear and unequivocal." *Miss Jones LLC v. Shahid*, No. 17-CV-716, 2022 WL 4642716, at *3 (E.D.N.Y. Sept. 30, 2022) (quotation marks and citation omitted).

Plaintiff alleges that the deceased borrower, Mabel G. Hine, died on April 21, 2017, Compl. ¶ 15, and that the loan was "due for the payment due on November 1, 2017," Ramer Aff. ¶ 6, Dkt. No. 11-6.  Plaintiff commenced this action on February 14, 2024, and that is more than six years after her death, and the date that payment was due.  In addition, the Complaint alleges that the default notice "advise[d] of possible acceleration of the loan" and that "if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable." Compl. ¶ 22.  But a warning of a potential acceleration is not the type of clear statement necessary for acceleration. *Bernash*, 2024 WL 1285431, at *6 (citing *Miss Jones LLC*, 2022 WL4642716, at *4 and providing the parenthetical that "'New York courts consistently hold that an acceleration must be clear and unequivocal to take effect,' and finding that a notice advising a noteholder of an intent to accelerate a loan was insufficient to trigger the statute of limitations") (internal quotations omitted); *JP*

12

*Morgan Chase Bank, N.A. v. Garcete*, 203 A.D. 3d 1149, 1149-51 (2d Dep't 2022) (parenthetical omitted).

As a result, the Court cannot determine damages until Plaintiff explains whether and how it accelerated the loan. *See Wilmington*, 2024 WL 219092, at *7 (concluding that the court could not determine damages because, among other reasons, plaintiff had not stated whether it "ever accelerated the debt, and if so, the effect of the acceleration on the statute of limitations"). In any renewed motion for default judgment, Plaintiff should also address the statute of limitations.

Finally, the Court notes that Plaintiff's proposed judgment of foreclosure and sale order does not identify a referee. Dkt. No. 11-3 at 2. The Order should include the proposed referee's name, and a description of the referee's qualifications should be provided to the Court. *See, e.g., Nationstar Mortg. LLC v. Dolan*, No. 1:16-CV-1360 (GTS/CFH), 2018 WL 3323526, at *6 (N.D.N.Y. July 6, 2018) (requesting Plaintiff provide a brief description of the requested referee).

Before filing its next motion, Plaintiff should be aware "that this Memorandum Decision and Order should not be construed as an exhaustive list of the deficiencies in Plaintiff's filings," and it should carefully review its next submission. *Bernash*, 2024 WL 1285431, at *14.

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's Motion, Dkt. No. 11, is **DENIED**; and it is further

**ORDERED** that if Plaintiff seeks to renew its motion for default judgment, it must file a renewed motion within 30 days of the date of this Memorandum-Decision and Order. If Plaintiff concludes that it is unable to proceed it must notify the Court within the same 30-day deadline; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 26, 2025

_____
Elizabeth C. Coombe
U.S. District Judge